IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT CHARLES REISINGER, : CIVIL NO. 3:-09-CV-1752
and CATHY REISINGER, :
      Plaintiffs :
       : (Judge Munley)
v. :
       :
DONALD KELCHNER, et al., :
      Defendants :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

This civil rights action was initiated by Robert Charles Reisinger and Cathy Reisinger ("plaintiffs") on September 10, 2009. (Doc. 1.) Named as defendants are Donald Kelchner ("Kelchner"), Catherine McVey ("McVey"), The Pennsylvania Department of Corrections ("DOC") and The Pennsylvania Board of Probation and Parole ("PBPP"). Presently pending is a motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of defendants Catherine McVey and the PBPP.[1] (Doc. 5.) The motion is ripe for disposition and, for the reasons set forth below will be granted.

I.   **Allegations of the Complaint**

The claim of plaintiff Robert C. Reisinger is summarized in paragraph 2 of the complaint as follows:

> It is alleged that Plaintiff Robert C. Reisinger has completed more than his maximum sentence because the above-named Defendants have miscalculated his time served and unlawfully imprisoned him. Therefore, Defendants subjected

---

[1] An Answer was filed on behalf of defendants Kelchner and the DOC. (Doc. 3.)

Robert C. Reisinger to a term of unlawful restraint and/or false imprisonment, violating his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution. It is further alleged that these violations and torts were committed under color of law of the Commonwealth of Pennsylvania.

(Doc. 1, at 1-2, ¶ 2.) A loss of consortium claim is advanced on behalf of plaintiff Cathy Reisinger. (Id. at 9, ¶ 47.)

At various times between February 10, 2001 and September 13, 2007, plaintiff Robert C. Reisinger was in the custody of the PBPP and was subject to PBPP detainers. (Doc. 1, at 2-5, ¶¶ 3-22.) He alleges that defendant McVey was at all times relevant the Chairperson of the PBPP. (Id. at 2, ¶ 7.) Plaintiffs allege that plaintiff Robert C. Reisinger was unlawfully imprisoned more than six hundred sixty days beyond his maximum term. (Id. at 4, ¶ 21.)

## II. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114

F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

3

III. Discussion

A. **Constitutional Claims**

To state a viable § 1983 claim, plaintiff must establish (1) that the alleged wrongful conduct was committed by a "person" acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000). Both elements must be present to sustain a § 1983 action. It is well-settled that neither a state nor its agencies are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to § 1983 suit. Hafer v. Melo, 502 U.S. 21, 25-27 (1991).

In Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), the United States Supreme Court reiterated its position that state agencies are not "persons" subject to liability in § 1983 actions brought in federal court. The Court noted that a § 1983 suit against a state official's office was "no different from a suit against the State itself." Id. at 71. "Will establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990).

The PBPP, as a state agency and arm of the state, is not a "person" for the purpose of § 1983 and, thus, not properly named as a defendant. Accordingly, defendants' motion to dismiss will be granted with respect to the PBPP.

The claim against defendant McVey is also subject to dismissal. "A defendant in a

4

civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); see Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. Rode, 845 F.2d at 1207-08. Further, the United States Court of Appeals for the Third Circuit requires a defendant's contemporaneous, personal knowledge and acquiescence, in order to establish personal knowledge. Id.

Other than being named as a defendant, McVey's name appears nowhere else in the complaint. There is not a single allegation lodged against this defendant. Consequently, the complaint against McVey will be dismissed for lack of personal involvement in conduct amounting to a constitutional violation.

B. **State Law Claims**

Plaintiffs also allege state law claims against defendants. The court declines to exercise supplemental jurisdiction over the pendent state law claims. 28 U.S.C. § 1367(c)(3). They will be dismissed without prejudice to any right plaintiff may have to pursue them in state court. In so holding, the court expresses no opinion as to the merits of any such claims.

IV. **Conclusion**

Based on the foregoing, the motion to dismiss (Doc. 5) will be granted and the

5

complaint against defendants PBPP and McVey will be dismissed. Likewise, the state law claims will be dismissed without prejudice.

An appropriate order follows.

BY THE COURT:

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT CHARLES REISINGER, : CIVIL NO. 3:-09-CV-1752
and CATHY REISINGER, :
      Plaintiffs :
: (Judge Munley)
v. :
:
DONALD KELCHNER, et al., :
      Defendants :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, to wit, this 15th day of September 2010, upon consideration of defendants' motion to dismiss (Doc. 5) plaintiffs' complaint, and in accordance with the foregoing memorandum, it is hereby **ORDERED** that:

1. The motion to dismiss filed on behalf of defendants PBPP and McVey (Doc. 5) is GRANTED with respect to the constitutional claims.

2. The state law claims against defendants PBPP and McVey are dismissed without prejudice to plaintiffs' rights to pursue them in the appropriate state court forum.

3. The complaint against defendants PBPP and McVey is DISMISSED in its entirety.

BY THE COURT:

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**