IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT CHARLES REISINGER, and CATHY REISINGER, Plaintiffs | : : : : | CIVIL NO. 3:-09-CV-1752 |
| | : | (Judge Munley) |
| v. | : : | |
| DONALD KELCHNER, et al., Defendants | : : | |

## MEMORANDUM

This civil rights action was initiated by Robert Charles Reisinger ("Mr. Reisinger") and Cathy Reisinger ("Mrs. Reisinger") on September 10, 2009. (Doc. 1.) Presently pending is a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on behalf of remaining defendants Donald Kelchner ("Kelchner"), and The Pennsylvania Department of Corrections ("DOC")[1] (Doc. 11.) The motion is ripe for disposition and, for the reasons set forth below will be granted.

I.  **Allegations of the Complaint**

The claim of Mr. Reisinger is summarized in paragraph 2 of the complaint as follows:

It is alleged that Plaintiff Robert C. Reisinger has completed more than his maximum sentence because the above-named Defendants have miscalculated his time served and unlawfully imprisoned him. Therefore, Defendants subjected Robert C. Reisinger to a term of unlawful restraint and/or false imprisonment, violating his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments

---

[1] The Reisingers also named as defendants Catherine McVey and The Pennsylvania Board of Probation and Parole. On September 15, 2010, a memorandum and order was issued granting defendants' motion to dismiss the complaint against them. (Doc. 10.)

of the United States Constitution. It is further alleged that these violations and torts were committed under color of law of the Commonwealth of Pennsylvania. (Doc. 1, at 1-2, ¶ 2.) A loss of consortium claim is advanced on behalf of Mrs. Reisinger. (Id. at 9, ¶ 47.)

At various times between February 10, 2001 and September 13, 2007, Mr. Reisinger was in the custody of the PBPP and was subject to PBPP detainers. (Doc. 1, at 2-5, ¶¶ 3-22.) He alleges that at all material times, he was a prisoner in the Pennsylvania Department of Corrections at the State Correctional Institution at Camp Hill ("SCI-Camp Hill") facility. (Doc. 1, at 2, ¶ 4) and defendant Kelchner was at all times relevant the Superintendent at that facility. (Id. at 2, ¶ 6.) It is alleged that Mr. Reisinger was unlawfully imprisoned more than 666 days beyond his maximum term. (Id. at 4, ¶ 21.)

There are seven counts in the complaint. Count I contains the constitutional claims. The remaining courts allege violations of state law.

## II. Standard of Review

A motion for judgment on the pleadings is the procedural hybrid of a motion to dismiss and a motion for summary judgment. Rule 12(c) of the Federal Rules of Civil Procedure provides: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED.R.CIV.P. 12(c). To succeed on a motion under Rule 12(c), the movant must clearly establish that no material issue of fact remains to be resolved and that "he is entitled to judgment as a matter of law." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005); see also 5C Charles A. Wright et al.,

Federal Practice and Procedure § 1368 (3d ed.). When deciding a motion for judgment on the pleadings, the court is directed to view "the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Sikirica, 416 F.3d at 220.

### III. Discussion

#### A. Constitutional Claims

To state a viable § 1983 claim, plaintiff must establish (1) that the alleged wrongful conduct was committed by a "person" acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000). Both elements must be present to sustain a § 1983 action.

It is well-settled that neither a state nor its agencies are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to § 1983 suit. Hafer v. Melo, 502 U.S. 21, 25-27 (1991). Consequently, plaintiff Mr. Reisinger's constitutional claims against the Pennsylvania Department of Corrections are barred, as it is not a "person" within the meaning of 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). This defendant is entitled to an entry of judgment.

Defendant Kelchner is also entitled to an entry of judgment. "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement may be shown through allegations of personal direction or actual knowledge

and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); see Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. Rode, 845 F.2d at 1207-08. Further, the United States Court of Appeals for the Third Circuit requires a defendant's contemporaneous, personal knowledge and acquiescence, in order to establish personal knowledge. Id.

Other than being named as a defendant, Kelchner's name appears nowhere else in the complaint. There is not a single allegation lodged against this defendant. Hence, Kelchner is entitled to an entry of judgment based upon his lack of personal involvement rising to the level of a constitutional violation.[2]

**B.      State Law Claims**

Plaintiffs also allege state law claims against defendants. The court declines to exercise supplemental jurisdiction over the pendent state law claims. 28 U.S.C. § 1367(c)(3).

---

[2] Even if the proper parties were named, it is questionable whether Mr. Reisinger would be able to proceed with his constitutional claims. Under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), if a favorable judgment on a §1983 damages claim would "necessarily imply the invalidity" of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. "A state prisoner's § 1983 action is barred (absent prior invalidation)- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

They will be dismissed without prejudice to any right plaintiff may have to pursue them in state court. In so holding, the court expresses no opinion as to the merits of any such claims.

## IV.   Conclusion

Based on the foregoing, defendants' motion for judgment on the pleadings (Doc. 11) will be granted and judgment will be entered in favor of defendants and against Mr. Reisinger on the constitutional claims. The state law claims will be dismissed without prejudice.

An appropriate order follows.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated:   April 14, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT CHARLES REISINGER, | : | CIVIL NO. 3:-09-CV-1752 |
| and CATHY REISINGER, | : | |
| Plaintiffs | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| DONALD KELCHNER, et al., | : | |
| Defendants | : | |

## ORDER

AND NOW, to wit, this 14th day of April 2011, upon consideration of defendants' motion for judgment on the pleadings (Doc. 11), and in accordance with the foregoing memorandum, it is hereby **ORDERED** that:

1. Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), is GRANTED with respect to plaintiff Robert Charles Reisinger's constitutional claims, contained in Count I of the complaint.

2. The Clerk of Court is directed to ENTER judgment in favor of defendants Kelchner and the Pennsylvania Department of Corrections and against plaintiff Robert Charles Reisinger on Count I.

3. The state law claims against defendants contained in Counts II - VII are dismissed without prejudice to the Reisingers' rights to pursue them in the appropriate state court forum.

4. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court